■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN SILLS, Also Known as AMMO, Appellant. [818 NYS2d 662]—Kane, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 22, 2004 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

In satisfaction of a five-count indictment, defendant pleaded guilty to assault in the first degree and, as part of that plea, waived his right to appeal. Supreme Court sentenced him, in accordance with the plea agreement, to a prison term of 16 years, followed by five years postrelease supervision. Appellate counsel now seeks to be relieved of his assignment on the ground that there are no nonfrivolous issues to be raised on appeal. Because the plea was knowing and voluntary and defendant effectively waived his right to appeal, assigned counsel appropriately submitted an *Anders* brief asserting that no nonfrivolous issues exist.

During the plea proceeding, after defense counsel's recitation of the plea agreement, Supreme Court inquired whether "the People are requiring the usual waiver of appeal?" Upon receiving an affirmative response from the prosecutor, defense counsel replied that he had conveyed to his client that a waiver of appeal would be required and that his client wished to proceed. The court conducted a detailed recitation of the rights that defendant was giving up by pleading guilty, restated the sentencing agreement and inquired if the full extent of the agreement had been covered. The prosecutor responded, "With the waiver of his right to appeal." The court then asked defendant whether he understood that in connection with his guilty plea and agreed-upon sentence, the People were requiring a waiver of his right to appeal. Defendant responded, "Yes," after which the court took defendant's plea to the charge.

From this record, it is clear that the waiver of appeal was an additional condition of this plea agreement, separate and distinct from the rights forfeited upon a plea of guilty (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Considering the validity of defendant's waiver of appeal, any argument concerning the harshness of his sentence would be precluded and, therefore,

frivolous. Thus, appellate counsel should be relieved of his assignment and defendant's judgment of conviction should be affirmed.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.